FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 0 3 2003

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff/Respondent,

v.

Civ. No. 02-0685 BB/RLP
Cr. No. 01-0689 BB

ANTONIO NAVA-JIMENEZ,

Defendant/Movant.

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

1. This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence and Conviction filed pursuant to 28 U.S.C. § 2255. Defendant is currently confined in the Federal Correctional Institution in Beaumont, Texas. He attacks the judgment and sentence of the United States District Court for the District of New Mexico entered in *United States v. Nava-Jimeniz*, Cr. No. 01-0689 BB, entered on November 14, 2001 [Cr. Doc.19].

2. Defendant pled guilty to Reentry of a Deported Alien Previously Convicted of an Aggravated Felony, in violation of 8 U.S.C. § 1326(a)(1) and (2) and 8 U.S.C. § 1326(b)(2). He was sentenced to 57 months' imprisonment to be followed by three years of supervised release.

---

[1] Within ten (10) days after a party is served with a copy of the "Magistrate Judge's Proposed Findings and Recommended Disposition" (the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.

3.  Defendant asserts various sentencing matters as grounds for relief, none of which were raised at sentencing or on appeal. He also claims he received constitutionally ineffective assistance of counsel for counsel's failure to raise those claims. A failure to raise issues on appeal procedurally bars a § 2255 Motion unless he can show cause excusing his failure and actual prejudice resulting from the errors for which he now seeks relief. *See United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993). Ineffective assistance of counsel can supply the cause and prejudice necessary to overcome the procedural default and this court will liberally construe Defendant's Motion as alleging that counsel failed to raise any of his grounds for relief at sentencing or on appeal.

4.  To prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance was deficient and that deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). When the claim is that counsel failed to raise an issue on appeal, the merits of the omitted issues are examined. "If the omitted issues are without merit, counsel's failure to raise [them] does not constitute constitutionally ineffective assistance of counsel." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995).

5.  It should be noted that counsel filed a Motion for Downward Departure [Cr. Doc. 17], in which he noted that although Defendant had four prior convictions, the total time served for all four was eight and one-half months. The Presentence Report placed Defendant at a Category IV (57-71 months' imprisonment), which counsel argued overrepresented the Defendant's criminal history. The court denied the Motion and sentenced Defendant to the minimum range. (A violation of 8 U.S.C. § 1326 carries a base

2

offense level of 8, with a 16 level increase if a defendant was previously deported after a conviction for an aggravated felony. See USSG §§ 2L1.2 & 2L1.2(b)(1)(A). This totals 24 and a three-point reduction for acceptance of responsibility brings the total offense level to 21.)

6.      As the court understands Defendant's arguments, both in his Motion and his Response to the Government's Answer, he claims that the <u>Sentencing Guidelines</u> were promulgated by an unconstitutional delegation of power by Congress; that the Sentencing Commission is an unconstitutional entity which violates the Separation of Powers Clause of the United States Constitution; and his due process rights were violated by (1) the court's inability to sentence him to probation and (2) the 16-level enhancement of his sentence.

7.      All of these claims are without merit. The United States Supreme Court has already considered the issues of whether either the <u>Sentencing Guidelines</u> or the body that issued them, the United States Sentencing Commission, violate the Constitution. In *Mistretta v. United States*, 488 U.S. 361 (1989) the Court answered those questions in the negative. The Court has also determined that restrictions on probation do not violate due process. See *Mistretta*, 488 U.S. at 650-51; see also *Lockett v. Ohio*, 438 U.S. 586, 605 (1978). Finally, the Court has determined that enhancements are not penalties and do not violate the Constitution. *Almendarez-Torres v. United States*, 523 U.S. 224, 238-39 (1998). Thus, counsel was not ineffective for not raising these issues on appeal.

8.      Finally, Defendant argues that the indictment was insufficient. The court construes this argument as the failure of the Government to identify the 16-point

3

enhancement in the indictment. As stated in the foregoing paragraph, the Court in *Almendarez-Torres* found such enhancements are not penalties, and thus not elements of any offense to be stated in the indictment. 523 U.S. at 238-242. This claim is also without merit.

9. Because Defendant has failed to show that he had any meritorious claims for counsel to raise at sentencing or on appeal, his claim of constitutionally ineffective assistance of counsel necessarily fails.

### RECOMMENDED DISPOSITION

I recommend that the Motion to Vacate, Set Aside or Correct Sentence and Conviction filed pursuant to 28 U.S.C. § 2255 be denied and this case dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge